# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GOLDEN GATE LOGISTICS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>SELECTRUCKS OF AMERICA LLC d/b/a )<br>SELECTRUCKS OF KANSAS CITY, )<br>)<br>Defendant. )<br>) | Case No. 4:19-cv-00854-RK |

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed, by and between the respective parties hereto and their counsel, that this Order shall protect the discovery and dissemination of certain information and documents to be disclosed by the parties, which one or more of the parties claims contain confidential business information and/or confidential personal information. Accordingly, the following provisions will apply to such documents designated by a party as subject to this Protective Order:

1. Any party who produces or discloses any document, thing or information in any form (which shall be referred to singularly or collectively as "discovery materials") may designate such discovery materials as subject to this Protective Order when, in the good faith judgment of the party making the disclosure, they contain competitively sensitive information, proprietary information, trade secrets, confidential business information, confidential financial information or other private or confidential personal identifying information, the disclosure of which would be detrimental to that party or to persons to whom the party owes a duty of confidentiality.

"Discovery materials" includes the information both as originally produced and in any other form, including copies, notes, excerpts, electronic documents, and summaries of such information.

2. Such discovery materials will be stamped or otherwise visibly marked "CONFIDENTIAL - Subject to Protective Order" or will contain a similar designation to identify the materials to which this Protective Order applies. The inadvertent disclosure of one or more documents that the producing party believes to contain or reflect confidential, proprietary or personal and private information shall not constitute a waiver with respect to such discovery materials. In the event of such an inadvertent disclosure of confidential discovery materials, the producing party at any time may provide notice to the other parties directing that all copies of such inadvertently disclosed materials be treated as such, consistent with the terms of this Protective Order.

3. No discovery materials marked or designated as subject to this Protective Order may be used by any recipient of such information, or disclosed to anyone, for any purpose other than in connection with this lawsuit.

4. Unless otherwise ordered by the court presiding over this matter or permitted in writing by the designating party, information or items designated "CONFIDENTIAL - Subject to Protective Order" may be disclosed only to:

   a. The parties to this litigation, including any employees, agents, and representatives of the parties;

   b. Counsel of record in this action, as well as such counsel's employees to whom it is reasonably necessary to disclose the information for this litigation;

   c. Experts (defined as a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as

an expert witness or as a consultant in this action) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. The court and its personnel;

e. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal material designated as Confidential subject to this Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

5. Any person or firm to whom the discovery materials designated as subject to this Protective Order are to be disclosed shall first be advised by counsel making the disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information to any other person.

6. The production of such discovery materials designated as subject to this Protective Order shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that the producing party may have. Nor shall this Protective Order or a party's designation of particular discovery materials as subject to this Protective Order be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any such discovery materials.

7. At any time during the pendency of this litigation, any party receiving any discovery materials designated as subject to this Protective Order may request that specific documents be removed from the protection of this Order. Such request must be made in writing to counsel for

the producing party, and must contain a listing of the specific documents or other things that the party seeks to remove from the protection of this Order, and the basis of the request. If the parties are unable to resolve the issue through negotiation, within 30 days of the producing party's receipt of any such request, the producing party may follow the discovery dispute protocol outlined on the Court's website. If a dispute is brought to the Court, the document(s) at issue shall remain subject to this Protective Order until such time as the Court orders otherwise.

8. In the event that any discovery materials designated as subject to this Protective Order are included with, or the contents thereof are in any way disclosed in, any pleading, motion or other paper filed with the Clerk of this Court, the party filing such confidential document or information shall follow the U.S. District Court for the Western District of Missouri procedure to protect the confidential information contained therein, including, when appropriate, the procedure to seek to file the document or information under seal. *See* Western District of Missouri CM/ECF Civil and Criminal Administrative Procedures Manual and User Guide 8.

9. During the trial of this case, if any party seeks to introduce into evidence discovery materials designated as subject to this Protective Order, the producing party may request the Court to protect against the dissemination of such documents to those not involved in the trial.

10. Within 75 days after final termination of this litigation, all copies of documents produced subject to this Protective Order, together with all originals and copies of notes, sketches, data, compilations, extracts, and reproductions, shall be returned to counsel for the producing party, together with a letter stating that all documents and copies of such documents produced subject to this Protective Order have been returned to the producing party, unless the parties otherwise agree in writing. As an alternative, within the same 75-day period, the recipient of documents produced subject to this Protective Order may ensure that all such documents, copies

thereof, and those referencing same are destroyed, and that such destruction is confirmed in correspondence to counsel for the producing party. In the event that a third party retains copies of documents produced subject to this Protective Order in violation of the Order, opposing counsel will provide counsel for the producing party with the name and address of all such third parties.

11. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, and this Court shall retain jurisdiction over the parties, their attorneys and their experts for the enforcement of the provisions of this Protective Order.

12. Nothing in this order shall constitute a prior directive that a document is confidential or may be filed under seal.

**IT IS SO ORDERED**.

           s/ Roseann A. Ketchmark
           ROSEANN A. KETCHMARK, JUDGE
           UNITED STATES DISTRICT COURT

DATED: September 1, 2020

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Western District of Missouri on _____ [date] in the case of *Golden Gate Logistics, Inc. v. SelecTrucks of America LLC d/b/a SelecTrucks of Kansas City*, Case No. 4:19-cv-00854 RK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Western District of Missouri for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____